UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| NovaStar Mortgage, Inc. | Case No. 5:07-cv-1441 |
| Plaintiff, | |
| vs. | Judge Sara Lioi |
| Brian A. Smith, et al. | **JUDGMENT ENTRY AND DECREE IN FORECLOSURE** |
| Defendants. | |

UNITED STATES DISTRICT JUDGE SARA LIOI

This matter is before the Court on Plaintiff's unopposed Motion for Default Judgment. The real property that is the subject of this foreclosure action (the "Property") is as follows:

Situated in the City of Macedonia, County of Summit and State of Ohio:

And known as being Sublot No. 10 in the Fox Run Phase IA Subdivision of part of Original Northfield Township Lot no. 33, as shown by the recorded plat in Plat Cabinet D, Slides 607, 608, 609 and re-recorded in Plat Cabinet E, Slides 217, 218, 219 and in Plat Cabinet F, Slides 21, 22, 23 of Summit County Records, as appears by said plat.

The Clerk's Entry of Default is properly reflected on the Pacer docket. In response to the Motion for Default Judgment, the Court finds that Brian A. Smith, Sohan S. Mangat aka Sohan Mangat and Satnam K. Mangat aka Satnam Magnat have been served with a Summons and Complaint but are in default for failure to file an Answer or other responsive pleading. As a result, with respect to such defendants, the Court hereby grants Plaintiff's Motion for Default Judgment and enters judgment in favor of Plaintiff for the relief sought by Plaintiff in its Complaint.

The Court finds that Brian A. Smith executed the promissory note referenced in the

Complaint (the "Note") and therefore promised, among other things, to make monthly payments on or before the date such payments were due. The Court further finds that Plaintiff is the owner and holder of the Note and that the sums due under the Note were accelerated in accordance with the terms of the Note and Mortgage. The Court further finds that Brian A. Smith executed and delivered the mortgage referenced in the Complaint (the "Mortgage"), that Plaintiff is the owner and holder of the Mortgage, and that the Mortgage secures the amounts due under the Note.

The Court finds that the Note and Mortgage are in default because payments required to be made under the Note and Mortgage have not been made. The Court further finds that the conditions of the Mortgage have broken, the break is absolute, and Plaintiff is entitled to have the equity of redemption and dower of the current title holders foreclosed.

The Court further finds that there is due on the Note principal in the amount of $261,794.79 plus interest on the principal amount at the rate of 10.45% per annum from October 1, 2006. The Court further finds that there is due on the Note all late charges imposed under the Note, all advances made for the payment of real estate taxes and assessments and insurance premiums, and all costs and expenses incurred for the enforcement of the Note and Mortgage, except to the extent the payment of one or more specific such items is prohibited by Ohio law.

As a result, the Court hereby enters judgment for the amount due on the Note against Brian A. Smith.

The Court finds that the Mortgage was recorded with the County Recorder and is a valid and subsisting first mortgage on the Property. The Court further finds that the parties to the Mortgage intended that it attach to the entire fee simple interest in the property. Plaintiff's Mortgage is, however, junior in priority under Ohio law to the lien held by the County Treasurer to secure the payment of real estate taxes and assessments. All amounts payable under Section

323.47 of the Ohio Revised Code shall be paid from the proceeds of the sale before any distribution is made to other lien holders.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that unless the sums found to be due to Plaintiff are fully paid within ten (10) days from the date of the entry of this decree, the equity of redemption of the defendant title holders in the Property shall be foreclosed and the Property shall be sold free of the interests of all parties to this action subject to redemption by Defendant pursuant to Ohio Rev. Code § 2329.33. In addition, an order of sale shall issue to the Master Commissioner, directing him to appraise, advertise and sell the Property according to the law and the orders of this Court and to report his proceedings to this Court.

Notice of the time and place of the sale of the Property shall be given to all persons who have an interest in the Property according to the provisions of Section 2329.26 of the Ohio Revised Code.

Following the sale of the Property, the proceeds shall be distributed in the following order of priority:

- First, the Clerk of Courts shall be paid for all costs of this action.

- Second, the Summit County Treasurer shall be paid for all unpaid taxes, assessments, interest, and penalties on the Property.

- Third, Plaintiff shall be paid principal in the amount of $261,794.79 plus interest on the principal amount at the rate of 10.45% per annum from October 1, 2006, all late charges due under the Note and Mortgage, all advances made for the payment of real estate taxes and assessments and insurance premiums, and all costs and expenses incurred for the enforcement of the Note and Mortgage, except to the extent the payment of one or more specific such items is prohibited by Ohio law.

- Fourth, the balance of the proceeds, if any, shall be held pending further order of the Court.

Upon distribution of the proceeds, pursuant to the Order of Confirmation of Sale and Distribution, a certified copy of the Order shall be issued to the Summit County Recorder and Clerk of Courts directing them to enter the same on the margin of the records of the mortgages and liens, releasing the liens adjudicated herein from the premises.

**IT IS SO ORDERED.**

DATE: August 24, 2007

s/ Sara Lioi
Judge Sara Lioi
UNITED STATES DISTRICT JUDGE

Approved:

/s/ Kevin L. Williams
Kevin L. Williams (0061656)
Manley Deas Kochalski LLC
P. O. Box 165028
Columbus, OH 43216-5028
Telephone: 614-222-4921
Fax: 614-220-5613
Email: klw-f@mdk-llc.com
Attorney for Plaintiff